■ In the Matter of BANK OF NEW YORK MELLON CORPORATION STATE DERIVATIVE LITIGATION. MURRAY ZUCKER, Appellant, v GERALD L. HASSELL et al., Respondents, and BANK OF NEW YORK MELLON CORPORATION, Nominal Defendant-Respondent. [2 NYS3d 73]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered October 2, 2013, which granted defendants' motion to dismiss the complaint to the extent of dismissing it without prejudice, unanimously affirmed, with costs.

Plaintiff is a shareholder of nominal defendant Bank of New York Mellon Corporation (BNYM), a Delaware corporation that provides foreign exchange (FX) services to its clients. Several lawsuits have been brought against BNYM, alleging that it cheated its clients by using the highest price of the day when they were buying currency and the lowest price of the day when they were selling currency, although it had promised its clients "best execution."

On March 9, 2011, plaintiff (through counsel) demanded that BNYM's board of directors investigate the above-described conduct, take action against those responsible for it, and institute corporate governance initiatives. At some point between March 9 and April 6, 2011, BNYM's board formed a special committee of directors to investigate the matters raised in plaintiff's demand; the special committee retained nonparty Cravath, Swaine & Moore LLP. On December 14, 2011, Cravath informed plaintiff's counsel that the BNYM board had refused his demand that BNYM sue various of its officers and directors.

The complaint fails to allege particularized facts raising a reasonable doubt as to the special committee's independence (*see Scattered Corp. v Chicago Stock Exch., Inc.*, 701 A2d 70 [Del 1997], *overruled in part on other grounds by Brehm v Eisner*, 746 A2d 244, 253 [Del 2000]).

The only basis on which plaintiff challenges special committee member (and defendant) William C. Richardson's independence is that he was retired chair and co-trustee of nonparty Kellogg Trust, and BNYM was a trustee of that trust. This allegation of a "mere outside business relationship" is insufficient to raise a reasonable doubt about Richardson's independence (*see Beam v Stewart*, 845 A2d 1040, 1050 [Del 2004];* *see also Highland Legacy Ltd. v Singer*, 2006 WL 741939, *5, 2006 Del Ch LEXIS 55, *19-25 [March 17, 2006, No. Civ. A. 1566-N]).

---

* *Beam* is a "demand excused" case rather than a "demand refused" case. However, if allegations are "legally insufficient to excuse demand," then *"[a] fortiori* those same [allegations] are insufficient to warrant overturning the . . . Board's rejection of the demand" (*Allison on Behalf of Gen. Motors Corp. v General Motors Corp.*, 604 F Supp 1106, 1121-1122 [D Del 1985], *affd* 782 F2d 1026 [3d Cir 1985]).

Plaintiff alleges that special committee member (and defendant) Mark A. Nordenberg was not independent because he was the Chancellor of nonparty University of Pittsburgh, and Mellon Bank Corporation made a $1 million gift (payable over multiple years) to that university; in addition, BNYM and the BNY Mellon Charitable Foundation of Southwestern Pennsylvania were on the university's 2011 Honor Roll of Donors. However, since plaintiff does not allege how significant (percentagewise) BNYM's and its related entities' gifts were, he fails to show that Nordenberg lacked independence (*see In re J.P. Morgan Chase & Co. Shareholder Litig.*, 906 A2d 808, 822, 824 [Del Ch 2005], *affd* 906 A2d 766 [Del 2006]). Moreover, in *In re Walt Disney Co. Derivative Litig.* (731 A2d 342, 359 [Del Ch 1998], *revd in part on other grounds sub nom. Brehm v Eisner*, 746 A2d 244 [Del 2000]), a Delaware court found that gifts of more than $1 million to a university did not raise a reasonable doubt as to the independence of the university's president.

Plaintiff alleges that special committee member (and defendant) Michael J. Kowalski was not independent because he was the CEO of nonparty Tiffany & Co., BNYM was Tiffany's principal banker, Tiffany was negotiating a new credit agreement with BNYM at the time Kowalski served as a special committee member, and the negotiation was completed shortly after BNYM's board refused plaintiff's demand. However, since plaintiff does not allege particularized facts establishing the materiality of the credit agreement that Tiffany was negotiating with BNYM to its continued viability, he fails to raise a reasonable doubt as to Kowalski's independence (*see Jacobs v Yang*, 2004 WL 1728521, *6, 2004 Del Ch LEXIS 117, *24 [Aug. 2, 2004, No. Civ. A. 206-N], *affd* 867 A2d 902 [Del 2005]).

We reject plaintiff's argument that the investigation was not conducted in good faith because, by October 6, 2011, when BNYM placed an advertisement in various newspapers saying that its FX conduct was proper, the board had decided to refuse his demand, so the post-October 6 investigation was a sham (*see Lerner v Prince*, 119 AD3d 122, 125, 130 [1st Dept 2014]; *Levine v Smith*, 591 A2d 194, 214-215 [Del 1990], *overruled in part on other grounds by Brehm*, 746 A2d at 253; *Highland Legacy*, 2006 WL 741939 at *6, 2006 Del Ch LEXIS 55 at *28; *Allison*, 604 F Supp at 1114).

Plaintiff's complaints about the special committee's procedures fail to raise a reasonable doubt as to the reasonableness of the investigation (*see Lerner*, 119 AD3d at 131). Concur—Sweeny, J.P., Renwick, DeGrasse, Clark and Kapnick, JJ.